---
WHITE *v.* RUCKER.
---

Seventeen days after the entry of the foregoing judgment, the present action was instituted in the name of the plaintiff in this purported action, praying for a restraining order to prevent the consummation of the aforesaid foreclosure. Judge Hubbard, by consent of the parties, heard the matter on its merits without a jury at the February Civil Session 1963, and on 18 February 1963 sustained a demurrer *ore tenus* on the ground that the complaint did not state facts sufficient to constitute a cause of action, dismissed the action and taxed the plaintiff with the costs.

*Charles L. Abernethy, Jr., for plaintiff appellant.*
*Barden, Stith & McCotter for defendant appellees.*

---

JOHN QUINCY WHITE, JR. v. MARY OWENS RUCKER,
AND ALEX RUDOLPH PERRY, AND JOSEPH ISREAL PERRY.

(Filed 18 September 1963.)

APPEAL by plaintiff from *Peel, J.,* March Session 1963 of PERQUIMANS.

This action grows out of collisions on U. S. Highway #17 about 1:55 a.m. on Sunday, October 29, 1961. Three vehicles were involved: (1) a 1956 Ford owned and operated by plaintiff; (2) a 1951 Chevrolet owned and operated by defendant Rucker; and (3) a 1957 Ford owned by defendant Joseph Isreal Perry as a family purpose car and operated with his consent by his minor son, defendant Alex Rudolph Perry.

Each vehicle had left Elizabeth City and was proceeding south on #17 toward Hertford. The collisions occurred some five or six miles

south of Elizabeth City in front of the lighted area (on the east side of #17) occupied by the "all night" service station and restaurant known as Boone's Truck Stop.

Approaching Boone's Truck Stop, the cars were proceeding in the west lane (the right lane for southbound traffic) in this order: (1) the Rucker car, (2) plaintiff's car, and (3) the Perry car. The Rucker car turned left and was crossing the east lane of #17 to enter the Boone's Truck Stop premises. Plaintiff attempted to overtake and pass the Rucker car. The right front of plaintiff's car and the left rear of the Rucker car collided. The Rucker car left the highway and came to rest in a drainage ditch. Plaintiff's car remained in the east lane of #17. Perry had pulled out behind plaintiff into the east lane for the purpose of overtaking and passing the Rucker car. Shortly ("a matter of seconds") after said first collision, the left of the Perry car collided with the right side of plaintiff's car.

Plaintiff alleged his car was damaged in the amount of $700.00 on account of the joint negligence of defendants. Defendant Rucker denied negligence and pleaded contributory negligence. Defendants Perry denied negligence and pleaded contributory negligence. Defendant Joseph Isreal Perry alleged a counterclaim for $500.00 for damages to his car.

Issues raised by the pleadings were submitted to the jury. The jury, answering the first issue "No," failed to find plaintiff's car was damaged by the actionable negligence of defendant Rucker. Answering both the fourth and fifth issues "Yes," the jury found (1) that plaintiff's car was damaged by the actionable negligence of defendants Perry and (2) that plaintiff, by his own negligence, contributed to his own damage as alleged by defendants Perry. In accordance with the verdict, judgment was entered "that the plaintiff recover nothing of the defendants and that the defendants Perry recover nothing of the plaintiff" and that the costs be taxed against plaintiff. Plaintiff excepted and appealed.

*John T. Chaffin for plaintiff appellant.*
*Russell E. Twiford for defendant appellee Rucker.*
*LeRoy, Wells & Shaw for defendant appellees Perry.*

PER CURIAM. The crucial (factual) questions were for determination by the jury. We find nothing sufficient to indicate the jury failed to understand and apply the pertinent principles of law.

We have considered each of plaintiff's thirty-eight assignments of error. Conceding technical error in certain respects, a careful review

of the evidence and charge leaves the impression there was no error sufficient to amount to a denial of a substantial right or to constitute a sound basis for awarding a new trial.